IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 10-03022-8-JRL |
| | ) | |
| Larry Fred Conn | ) | |
| Deborah Lynn Conn, | ) | CHAPTER 7 PROCEEDING |
| | ) | |
| | ) | |
| DEBTOR(S) | ) | |

### MOTION TO DISMISS CHAPTER 7 PROCEEDING
### PURSUANT TO 11 U.S.C. §§ 707(b)(1) and 707(b)(3)

Now comes the Bankruptcy Administrator for the Eastern District of North Carolina and moves the Court for an order dismissing the Debtors' Chapter 7 case pursuant to 11 U.S.C. §§ 707(b)(1) and 707(b)(3). The Bankruptcy Administrator supports the motion in the following:

GENERAL ALLEGATION AND JURISDICTION

1. The Debtors filed a voluntary petition for Chapter 7 relief on April 15, 2010. On May 19, 2010, the Debtors appeared at the Section 341 Meeting of creditors, and said meeting was held and concluded. The Chapter 7 Trustee has entered a Report of No Distribution.

2. Bankruptcy Rule 1017(e) requires that a motion to dismiss a case due to abuse pursuant to 11 U.S.C. § 707(b)(3) must be filed within 60 days of the date of the first scheduled § 341 meeting of creditors. This motion is timely filed pursuant to B.R. 1017(e).

3. The Bankruptcy Administrator filed a statement of presumed abuse on June 1, 2010. This motion is timely filed pursuant to 11 U.S.C. § 704(b)(2).

DEBTORS' SCHEDULES, STATEMENT OF AFFAIRS AND FORM 22A

4. The Debtors' schedules state that they have $216,190 of secured debts, $0 of priority unsecured debts and $75,782.75 of non-priority unsecured debts. The Debtors' debts are primarily consumer debts.

5. The Debtors show no dependent children, but do show a 78 year old mother living in the household.

6. On Schedule I of the Debtors' petition, the Male Debtor states that he is employed with Triangle Electricians. His monthly income, however, is listed at $0. The Bankruptcy Administrator is aware that the Male Debtor holds a 50% interest in a company that, upon information and belief, is called "The L.B. Conn Corporation, d/b/a Electrical Solutions Unlimited." Based on the Debtors' Statement of Financial Affairs, this entity ceased operations in March 2010. The Male Debtor's company, though, does not shed light on who owns Triangle Electricians and whether the Debtor is employed with said company. Despite multiple efforts by the Bankruptcy Administrator's office[1], Debtors' counsel has yet to clarify the Male Debtor's employment information.

On Schedule I, the Female Debtor states that she is a clinical nurse manager for Raleigh Cardiology and makes $5,141.50 per month in gross wages. Also, she has taxes ($903.12), health insurance ($504.56) and a 401(k) loan repayment ($674.04) deducted from her wages. The Bankruptcy Administrator's office has inquired as to whether the Mother receives any Social Security income or retirement income, but has yet to receive a response.

---

[1] The Bankruptcy Administrator's office emailed Debtors' counsel's office on May 27, 2010 regarding this case. On June 14, 2010, a follow-up email was sent to counsel's office, because no response was given to the original email. That same day, a Motion for 2004 Production of Documents was filed.

7. On the Debtor's Form B22A ("Means Test"), the Male Debtor shows wages of $166.66, while the Female Debtor shows wages of $5,286.77. The Debtors' Total Current Monthly Income is listed as $5,453.43. The Debtors do include the mother as a third member of the household. Again, the Bankruptcy Administrator is concerned as to whether the mother receives Social Security, retirement or any other form of income. If so, then the Debtors should be required to include said income in the Means Test.

8. The Bankruptcy Administrator filed a Motion for a 2004 Examination Compelling Production of Documents on June 14, 2010. The Bankruptcy Administrator requested the six month pay advices for the Debtors, a detailed monthly profit and loss statement from the Male Debtor's business during the six month period prior to filing, the Debtors' bank statements for the twelve month period prior to filing and other miscellaneous documents. After a review of said documentation, the Bankruptcy Administrator has discovered that the Debtors did not provide full copies of their bank statements. The Debtors merely provided the first page of each bank statement. Debtors' counsel should have been aware that full copies of bank statements are required. Without full copies, the Bankruptcy Administrator is handcuffed in her review of the documentation. Specifically, the Bankruptcy Administrator cannot determine if the Debtors' expenses are completely accurate, because the pages that contain the expense itemization are not provided – for any bank statement. The Debtors should be required to resubmit full copies of their personal bank statements for the twelve month period prior to filing.

9.      Though not every page of the Debtors' bank statements were provided, the Bankruptcy Administrator was able to derive information regarding the Debtors' income during the six month period prior to filing, as well as the Male Debtor's business income. Aforementioned, the Debtors' Means Test merely shows $166.66 in wages for the Male Debtor and $5,286.77 in wages for the Female Debtor.  According to a monthly profit and loss statement from the Debtors, the Male Debtor's business averaged monthly receipts of $10,270.83 and monthly expenses of $10,741.66 during the Means Test period.  During this time frame, and based on the profit and loss statement, the Male Debtor's wages during this time averaged to $466.66 per month.

There are two issues with the monthly profit and loss statements provided by the Debtors.  First, these figures clearly conflict with the Debtors' Means Test, because their Means Test shows $0 for business receipts and $0 for business expenses.  Secondly, the figures listed in the monthly profit and loss statement also conflict with the business bank statements that were provided to the Bankruptcy Administrator.  Based on the business bank statements, the Debtors' business averaged monthly receipts of $13,911.85 and monthly expenses of $14,114.92 during the Means Test period.  The Debtors have clearly omitted business income and business expenses from the Means Test.  To what degree, the Bankruptcy Administrator cannot determine.

10.     The Bankruptcy Administrator believes that the Debtors have grossly understated their Total Current Monthly Income, as listed on Line 12 of the Means Test. The Debtors' personal bank statements show several credits, deposits and transfers into their bank account.  During the Means Test period, the Debtors deposited a total of $18,022.92 into their account and transferred in a total of $8,560 from a separate

account[2]. The deposits and transfers into the account are separate and apart from the Female Debtor's wages. As an aside, the Bankruptcy Administrator believes that the Female Debtor's six month wage earnings should actually be $5,345. Nonetheless, once you average the deposits and transfers into the their bank account, the Debtors' case will be an abuse under 707(b)(1).

11. The Debtors have overstated certain deductions on their Means Test. On Line 26, the Debtors show $674.04 for "involuntary deductions." This expense correlates to the Female Debtor's 401(k) loan repayment, and thus, should not be deducted in the Means Test.

## BASIS FOR DISMISSAL

12. The Debtors' case should be dismissed pursuant to 11 U.S.C. § 707(b)(1). The Debtors clearly did not thoroughly review their Means Test before filing it with the Court. Though the addition of the Male Debtor's business receipts and expenses will not affect the "bottom-line," such an oversight demonstrates that neither the Bankruptcy Administrator nor the Court can take any of the Debtors' figures at face value. Moving onto figures that do affect the Debtors' case, the Debtors omitted a total of $26,582.92 in random deposits and transfers into their personal bank account during the Means Test period. Once you average out that amount, the Debtors' case is an abuse.

13. The Debtors' case should be dismissed pursuant to 11 U.S.C. § 707(b)(3). Based upon the Statement of Financial Affairs, the Male Debtor's business ceased operations in March 2010. However, the employer listed on Schedule I has no connection to his business, and thus, the Bankruptcy Administrator questions whether the

---

[2] The Debtor's only have one personal bank account, so the account from which the funds are being transferred does not appear to belong to the Debtors. Therefore, the Bankruptcy Administrator can only infer that these funds are income.

Male Debtor is unemployed. Moreover, the Debtors' bank statements continue to show additional deposits and transfers into their bank account. The totality of the Debtors' circumstances demonstrates abuse.

WHEREFORE, the Bankruptcy Administrator respectfully moves the court for entry of an order which grants dismissal of the Debtors' case pursuant to 11 U.S.C. §§ 707(b)(1) and 707(b)(3); and any other relief that this court may deem just and equitable.

Respectfully submitted, this 24th day of June, 2010.


/s/ Marjorie K. Lynch
Marjorie K. Lynch
Bankruptcy Administrator


/s/ C. Scott Kirk
C. Scott Kirk
Staff Attorney
Bankruptcy Administrator
P.O. Box 3758
Wilson, NC 27895
(252) 237-6854

## **CERTIFICATE OF SERVICE**

I, Rick P. Hinson, of 434 Fayetteville Street, Suite 620, North Carolina, 27601, certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18)

That on the 24th day of June, 2010, I served copies of the foregoing document on the following:

John T. Orcutt
Offices of John T. Orcutt, P.C.
6616-203 Six Forks Road
Raleigh, NC 27615

by electronic service via cm/ecf, and

by depositing a copy thereof in an envelope bearing sufficient postage in the United States mail on June 24, 2010 to the following:

Larry Fred Conn
Deborah Lynn Conn
107 Black Forest Drive
Clayton, NC 27527

I certify under penalty of perjury that the foregoing is true and correct.

Dated this 24th day of June, 2010.

/s/ Rick P. Hinson
Rick P. Hinson
Bankruptcy Analyst